# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SEKO MAWULI DEH,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 18-CV-5628** |
| : | |
| **SOULEYMANE DEMBELE DUONG,** : | |
|     **Defendant.** : | |

## MEMORANDUM

**KENNEY, J.**                                                                        **JANUARY 2, 2019**

      *Pro se* Plaintiff Seko Mawuli Deh has filed this civil action against Souleymane Dembele Duong. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Deh leave to proceed *in forma pauperis* and dismiss his Complaint.

## I. FACTS

      Deh, a resident of North Dakota, alleges that on June 25, 2017, he gave his Toyota Rav4 to Duong, a resident of Philadelphia, to keep for him until he was ready to ship it to Africa. (Compl. at 5.)[1] He alleges that Duong sold the car without his permission to another Philadelphia resident. (*Id.*) Deh told Duong that he needed his car back, but Duong "doesn't care about [him] and never gave [him] the money [from the sale of] the car." (*Id.*)

      Deh further alleges that Duong gave him his BMW "to go to North Dakota to sell it for him." (*Id.*) Duong also gave Deh the title to the BMW, and Deh gave the title to his cousin. (*Id.*) His cousin lost the title, and Deh was unable to sell the car. (*Id.*) He states that the BMW is still with him in North Dakota. (*Id.*) As relief, Deh asks that the Court "force [Duong] to get

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[his] car back to [him]." (*Id.* at 6.) Alternatively, Deh asks for the "money back that [he] spent to buy the car and tow[] it from Hartford, [Connecticut] to [Philadelphia] which is $7,063 plus $350 towing fee." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Deh leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Deh's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Deh is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court construes Deh's Complaint to be raising state law claims, possibly for breach of oral contract, against Duong. Deh indicates that he is invoking this Court's diversity jurisdiction over his Complaint. (Compl. at 4.) Under 28 U.S.C. § 1332(a), district courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As discussed below, Deh's Complaint fails to establish that diversity jurisdiction exists.

2

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Here, Deh alleges that he is a citizen of North Dakota and that Duong is a citizen of Pennsylvania. (Compl. at 5.) Accordingly, the Complaint adequately pleads complete diversity between the parties.

However, Deh cannot establish that diversity jurisdiction exists because the amount in controversy does not exceed the jurisdictional threshold. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Punitive damages "must [also] be considered in determining the amount in controversy." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (citations omitted).

Here, Deh seeks either the return of the car or, alternatively, $7,063.00, which he states is what he paid for the car. (Compl. at 6.) He also seeks $350.00 for the towing fees he paid. (*Id.*) In sum, it appears from the face of the Complaint that Deh is seeking damages in the amount of

$7,413.00, far below the requisite amount in controversy for diversity jurisdiction.[2] Thus, this Court may not exercise diversity jurisdiction over Deh's claims. If Deh seeks to pursue his claims, he must proceed in state court.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Deh leave to proceed *in forma pauperis* and dismiss his Complaint for lack of subject-matter jurisdiction. This dismissal will be without prejudice to Deh's right to refile his claims in state court. Deh will not be permitted to file an amended complaint, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

CHAD F. KENNEY, J.

---

[2] If Deh is seeking $7,413.00 in actual damages, he would need to receive a punitive damages award of $67,587.00 to satisfy the amount in controversy requirement. Such an award would result in a ratio of punitive and compensatory damages of approximately 9:1. "While States possess discretion over the imposition of punitive damages, it is well established that there are procedural and substantive constitutional limitations on these awards." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416–17 (2003) (citations omitted). While there is no "bright-line ratio" for courts to apply, "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id.* at 425 (explaining that, historically, double, treble, or quadruple damages have been used to deter and punish) (citation omitted). While the ratio is a single-digit ratio, nothing in the Complaint suggests that Duong acted so reprehensibly that even a ratio of 9:1 would be permitted. *See Campbell*, 538 U.S. at 419 (setting forth factors to consider for the reprehensibility analysis).

[3] The Court takes no position with respect to the merits or the timeliness of Deh's claims.

4